**FILED**

In The United States District Court UNITED STATES DISTRICT COURT
For The District of New Mexico ALBUQUERQUE, NEW MEXICO

APR 2 0 2020

MARK STAAKE,

    Plaintiff,

**MITCHELL R. ELFERS**
    **CLERK**

CIVIL ACTION NO   20CV356 WJ SCY

VS.

    Joey DeMand

WEXFORD HEALTH SOURCES, DR. FRENCH
ELLEN WITTMAN, HEALTH SERVICES ADMINISTRATOR
MS. MARTINEZ

        DEFENDANTS,

## Verified Civil Rights Complaint

THIS IS A CIVIL RIGHTS COMPLAINT AUTHORIZED By 42 U.S.C. SECTIONS 1983 TO REDRESS THE DEPRIVATION UNDER THE COLOR OF STATE LAW, OF RIGHTS SECURED By THE CONSTITUTION OF THE UNITED STATES. THIS COURT HAS JURISDICTION UNDER 28 U.S.C. SECTIONS 1331 AND 1343(a)(i) THE PLAINTIFF SEEKS NOMINAL, DECLATORY, COMPENSATORY AND PONITIVE DAMAGES. DECLATORY RELIEF PERSUANT TO SECTIONS 2201 AND 2202 28 US C. PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF ARE AUTHORIZED BY U.S. C. SECTIONS 2283 AND 2284 AS WELL AS RULE 65 OF THE FEDERAL RULS OF CIVIL PROCEDURE.

        PLAINTIFF MARK STAAKE, IN PRO SE BRINGS THIS COMPLAINT ALLEDGING DELIBERATE INDIFFERENCE TO HIS SERIOUS MEDICAL NEEDS, MEDICAL MALPRACTICE, NEGLIGENT SUPERVISION, AND CRUEL AND UNUSUAL PUNISHMENT AGAINST WEXFORD HEALTH SOURCES, DR. FRENCH, ELLEN WITTMAN, HEALTH SERVICES ADMINISTRATOR MS. MARTINEZ

        THE ABOVE ALLEGATIONS VIOLATES PLAINTIFF'S RIGHTS UNDER THE FOURTEENTH AMENDMENT By WAY OF THE EIGHTH, AND HIS DUE PROCESS RIGHTS RESULTING IN CIVIL RIGHTS VIOLATIONS, AND CRUEL AND UNUSUAL PUNISHMENT.

## Venue

        THE DISTRICT OF NEW MEXICO IS AN APPROPRIATE VENUE UNDER U.S.C. SECTIONS 1391 (b),(2), BECAUSE IT IS WHERE THE EVENTS GIVING RISE TO THIS CLAIM OCCURRED.

## Parties

1.) Plaintiff Mark Staake is a resident and a citizen of the State of New Mexico. At all times relevant herein, Plaintiff was incarcerated in the New Mexico Department of Corrections. (NMDOC).

2.) At all times relevant herein, upon information and belief, Defendants acted under the color of state law, in the course and scope of their employment. Each Defendant is sued individually and in his/her official capacity.

3.) Defendant Wexford Health Sources, (Wexford) is the healthcare provider for the NMDOC providing medical care to the NMDOC at all prisons responsible for providing medical care to inmates that are housed at their facility.

4.) At all times relevant to this complaint, upon information and belief Dr. French is a doctor at the PNM II facility, and the PNM South facility, located in Santa Fe New Mexico and was responsible for providing medical care to inmates housed at their facility.

5.) At all times relevant to this complaint, upon information and belief, Health Services Administrator (HSA) Martinez was the HSA at North Eastern New Mexico Detention Facility, (NENMDF) and was responsible for all the medical staff and for the treatment that is authorized by each staff member.

6.) At all times relevant to this complaint, upon information and belief, Ellen Wittman was a Wexford provider at the PNM South facility and was responsible for giving lawful, safe, and competent medical care to inmates housed at her facility.

7.) Plaintiff is unaware of all defendants names. Plaintiff prays this court will allow him to continue and he will give the court the names as he discovers them.

8.) Defendants Wexford, Dr. French, Ellen Wittman, and Martinez, acted through their owners, officers, directors, employee's, agents including but not limited to Nurses, doctors, administrators, management, technicians, and other staff and are responsible for their acts and omissions.

### Defendants Wexford, French, Wittman, Martinez

9.) At all times relevant to this complaint, upon information and belief, Defendant Wexford is the healthcare provider for the NMDOC. Providing healthcare and mental healthcare at all prisons and are responsible for all inmates under their care.

10.) Doctors and Health Service Administrators are policy makers and supervisors at the facilities where they oversee medical treatment of inmates. They are responsible for treatment of inmates, as well as making sure that the treatment is done properly and administered lawfully, humanely, and persuant to policy and the federal and state laws.

11.) Doctors and HSA's are responsible for ensuring, and have the ability, to control the conduct of their staff, and ensuring that the medical units they oversee are safe and free from medical

MALPRACTICE, NEGLIGENCE, NEGLIGENT SUPERVISION, DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS, CRUEL AND UNUSUAL PUNISHMENT.

(2.)     AT ALL TIMES RELEVANT TO THIS COMPLAINT, UPON INFORMATION AND BELIEF, DEFENDANTS WEXFORD, FRENCH WITTMAN, AND MARTINEZ HAVE A DUTY TO FOLLOW THE MEDICAL GUIDLINES OUTLINED IN THEIR OWN POLICY, THE NMDOC POLICY AND THE FEDERAL AND STATE LAWS FOR THE STATE OF NEW MEXICO.


## AFFIDAVIT


On THE MORNING OF MAY 16 2018, LOCATED AT THE PENITENTURARY OF NEW MEXICO, PNM LEVEL II. (PNM II) IN SANTA FE NEW MEXICO, DURING THE MORNING RECREATION I WENT OUTSIDE TO WORK OUT ON THE EXERCISE MACHINES.

I STARTED TO WORKOUT ON A PIECE OF EQUIPMENT CALLED A SEATED ROW MACHINE. IT'S ABOUT TWO AND A HALF FEET OFF THE GROUND. YOU SIT DOWN ON IT AND EXTEND YOUR LEGS OUT IN FRONT OF YOU. THE HANDLE IS ATTACHED TO A CABLE WHICH IS ATTACHED TO THE WEIGHTS. THE CORRECT FORM, WHICH IS WHAT I WAS DOING, IS TO PULL THE HANDLE TO YOUR MIDSECTION.

AFTER THE FIRST SET OF SIXTY POUNDS I ADDED ANOTHER HUNDRED. AFTER THAT SET I ADDED ALL THE WEIGHT, ABOUT TWO HUNDRED SIXTY POUNDS. ON MY THIRD SET I DID ONE REP AND HALF WAY THROUGH THE SECOND REP THE CABLE SNAPPED IN HALF.

THE FORCE SENT ME FLYING BACKWARDS. I DID A COMPLETE SUMMER SALT IN THE AIR AND LANDED ON MY SHOULDERS AND BACK AS MY HEAD HIT THE CONCRETE GROUND. I SAW A BRIGHT FLASH THEN LITTLE SPOTS EVERYWHERE WHEN MY HEAD SMACKED THE GROUND. I TRIED TO STAND UP BUT I COULDN'T GET PASSED BEING BENT OVER AT THE WAIST. WHEN I TRIED TO STRAIGHTEN UP A SHARP SEARING ELECTRIC PAIN SHOT UP MY LOWER BACK. SO I WALKED TO MEDICAL LIKE THAT. I ASKE FOR A WHEELCHAIR BUT WAS TOLD THEY DIDN'T HAVE ONE THERE. THE REC OFFICER CALLED TO MEDICAL AND HE WAS TOLD I HAD TO WALK.

THE REC OFFICER, OFFICER CARDENAS, WAS STANDING FIVE FEET AWAY WATCHING ME WHEN IT HAPPENED SO HE SAW THE WHOLE THING. HE MADE A STATEMENT ON THE ACCIDENT REPORT. I WAS WORKING OUT WITH TWO PEOPLE AND THEY TO WITNESSED THE WHOLE THING. IT WAS ALSO RECORDED ON THE PRISON CAMERA SYSTEM AS WELL.

WHEN I GOT TO MEDICAL LT. ANDY RAY WAS THERE. I ASKED HIM TO TAKE A PICTURE OF THE CABLE AND HE SAID, "HAVE YOUR LAWYER SUBPOENA IT!" I SAID, "YOU HAVE TO TAKE A PICTURE FIRST!" OFFICER CARDENAS WALKED UP AND SAID, "I'VE BEEN TRYING TO GET THOSE FIXED FOR TWO YEARS, MAYBE THIS WILL HELP."

I WAITED ABOUT FORTY MINUTES TO BE SEEN. NO VITALS WERE TAKEN. NO BLOOD PRESSURE NOTHING. I WAS SEEN BY DR. AMY ZABIN. SHE ASKED ME WHAT HAPPENED, I TOLD HER AND SHE SAID, "WITHOUT AN X-RAY I CANT DO ANYTHING." YET DID NOT ORDER ONE. SHE DIDN'T DO ANYTHING AT ALL. SHE GAVE ME A LAY IN FOR (7) DAYS, A PASS FOR CRUTCHES, A PASS FOR ICE, AND TYLENOL AND SENT ME BACK TO MY UNIT. FIVE DAYS LATER I WAS CALLED TO MEDICAL FOR A FOLLOW UP. I SAW DR. FRENCH.

I SAT DOWN AND HE SAID, "WHATS WRONG?" I TOLD HIM EVERYTHING THAT HAPPENED, HOW I AM IN EXCRUCIATING PAIN, I CANT EVEN SIT UP WITHOUT THE HELP OF MY CELL MATE. I COULD BARELY GET AROUND ON CRUTCHES. THEN HE SAYS TO ME, "HAVE YOU EVER HEARD OF BACLOFEN?" I TOLD HIM I HAD AND HE SAID HE WAS GOING TO PUT ME ON 40 MG A DAY. I TOLD HIM HE COULDN'T DO THAT AND HE ASKED WHY. I TOLD HIM BECAUSE I'M ALREADY TAKING THE MAXIMUM DOSE ALLOWED. THIS SEEMED TO UPSET DR. FRENCH CAUSE HE SLAMED MY FILE SHOT AND SAID, "WE'RE DONE HERE!" WITH THAT HE SENT ME BACK TO MY UNIT.

It was ten days later when I was finally taken to another prison, two hundred yards away, to get x-rays of my back. My back was still hurting on a daily basis and all I was getting was Tylenol.

It was approximately five days after I got the x-rays I was called down to medical for a follow up. It wasn't broken Dr. French said, but he couldn't rule out disk injury or nerve damage or even spinal cord damage. Dr. French said, "I'm not going to do surgery and I don't want to give you a steroid shot yet, let's give it a few more days to heal and we'll see what happens." At this point the pain was excruciating and my sleep was being affected more and more every day. When I straighten up or turn a certain way I get a sharp piercing electric shock that shoots down my lower back and across my buttock and down my leg.

On or about June 7 2018 I saw Dr. French in medical for continuing pain in my lower back. I explained everything to him and asked if I could get a MRI done or see a specialist to examine me cause something is definitely wrong. He said, "I'm not going to waste the resources on you." "So you don't want to waste the money on me." He simply said, "yup!" I told him that was illegal and he said, "make sure you spell my name right." I put in a grievance the following day. I hand delivered it to Captain Mike Baca. I made a copy because they know a grievance is the first step to a lawsuit and if they don't answer it then they can't be sued and even though the grievance officer is supposed to be an impartial person I never got a response.

On June 30 2018, I got in trouble and was sent to PNM South facility. A level five facility 200 yards away from where I was just at. That night at med line, I was told all my prescriptions were canceled. I was on 100 mg of Elavil, 80 mg of Baclofen, and a Theraband for physical therapy pain management all of them well documented. I had insoles for my shoes which would of helped with the back pain but those were taken as well. They were all prescribed for a leg injury in 1991.

For the first few days I didn't sleep at all. I put in a sick call for the first three days so I could see the doctor. That's how they ran medical there, in order to see the doctor you have to put in three sick call slips in. I didn't get seen by anyone for two weeks. The I saw Ellen Wittman.

She was a rude older woman that did nothing. She told me, "your just in pain your not suffering!" She told me to do yoga to heal myself and that. I was faking. I said, "so you think I faked all my injuries?" She said, "no but your not being honest about your injuries." I told her, "it was captured on the camera system. Is that not honest enough?" One week later I saw Dr. French. There are three prisons at PNM and he's the doctor for all of them.

I asked him, "why were all my medications taken?" He just sat there looking at me. I asked if I could get them back and he said, "I'm not going to give you anything!" "Why" I said. He simply said, "I don't believe in it." "Then" I told him, "your not to just stop giving someone Elavil, you have to taper them off, its dangerous." He pesadnoch oh well. I was taken back to my unit.

By this time I could no longer take it. I was having anxiety attacks, I was starting to see thing and hallucinate from sleep deprivation, I was becoming depressed and angry so I put in a request to see mental health. This was done on or about June 28 2018. I saw her on July 08 as well and she ordered 50 mg of Elavil during my meeting with her. She stated, "I cant believe Dr. French just cut you off like that, I could of asked respatory and heart problems.

That evening when the med passer came to my window to give me my medication she stopped and said, "I cant give you this medication, your allergic!" I told her I've been taking it for years and she said she would check and if I was telling the truth she would bring it back. I asked her, "before you leave can you tell me who wrote it?" she said, "the only one that could of done it was Dr. French!" I thought to myself this was done to make me suffer, to hurt me he did it maliciously. He knew I would suffer without it and did it anyway



It was a few days later when I got called down to Medical again. I saw Ellen Wittman again. When I told her I filed a complaint she seemed to want to help more, her attitude totally changed. She told me she ordered trigger point injections after our first meeting and realized that I didn't get them. She said, "I wonder why he didn't give those to you." in a way that suggested she was thinking out loud. The injections were ordered three times and I never got a single shot. I was at PNM South for sixty days. Forty two of those days I was in severe pain and suffered mentally and emotionally to the point of crying. It was all done out of resentment or hatered that was absolutely needless. Then on August 31, 2018 I was sent to Clayton.

When I arrived I told the medical staff about my Baclofen and theraband for physical therapy they said, "you won't get those here!" I pressed the issue so much I was taken to the hospital where I saw a physical therapist. She ordered a theraband to be used as pain management to be used as needed. My pain starts when I take pressure off my feet like when I lie down to go to sleep. So I'm always standing up. When I eat, when I watch TV and when I go to bed I wake up one to three times a night. Thats when I use it. If I don't have it I have to get out of bed and walk around for about an hour or so.

The physical therapist sent me back to prison with the blue theraband I couldn't have it. The HSA Mrs. Martinez said, "you have to use it here in medical. You can't keep it in your cell." and that it was a threat to the security of the institution. She put it in my medical file and gave me a pass to come to medical for 7 days at 9 A.M. to use it. I said "my leg doesn't hurt at ten in the morning every day." "Too bad, thats when."

So I asked, "Who is saying that its a threat to the institution?" 'cause its not in GEO policy, its not no prison policy, and its not in Wexfords policy, so who is saying this?" Then she said, "The wardens!" So I went and put in a request to the warden and asked him and his reply was, "you need to address your medical concerns with medical. (will show request at discovery) So medical is blaming the warden and the warden is blaming medical.

A few days later I put in another request saying, "I went to the hospital and was prescribed a theraband, why can't I have it?" The response, "It's up to our providers on what will be ordered not an outside source!" Placeing the knowledge of a general practioner over that of a specialist.

Prior to all this happening I had put in a grievance for me not getting my pain meds and my muscle relaxers for my severe muscle spasms and nothing happened, no response at all. So I put in another on January 7, 2019 asking about my trigger point injections, baclofen and my band for pain management and was told to address my concerns with medical.

If I'm grievancing medical for not doing what they are supposed to be doing, and I get told by the grievance officer, who is a corrections officer, to address my concerns with medical. This is a conflict of interest. I can't talk to the people I'm grievancing. So I appealed this grievance and was told it's resolved. This prison is under staffed and the state was taking over the prison for it was running improperly. This is the reason the last doctor, Dr. Larson quit working at this prison because they wouldn't let her treat inmates the way they needed to be treated. She said she wouldn't testify to this fact too.

Soon after this I was transfered to another prison L.C.C.F in Hobbs New Mexico. I am having the same issues here. I put in another grievance here too. It too was declared resolved. (See attachment A.) This concludes this affidavit by Mark Stanke #59949.

## Factual Allegations

13.) On or about May 16, 2018, Plaintiff Mark Stark was working out on a piece of exercise equipment located at PNM II in Santa Fe N.M. When the cable broke resulting in a serious back injury that, to this very day, is causing Plaintiff pain and suffering on a daily basis.

14.) Upon information and belief, Plaintiff was on crutches for a month and was denied a specialist, MRI, or any other form of examination and his trigger point injections because they didn't want to pay for it

15.) Upon information and belief, it took medical ten days to get an x-ray for Plaintiffs back.

16.) Upon information and belief, Officer Cardenas was present and witnessed the accident and he made a statement to this fact on the accident report. There were also two people working out with Plaintiff and they too made statements (See Attachments B and C)

17.) Upon information and belief, officer Cardenas stated, "I've been trying for 2 years to get those cables replaced. Maybe this will help" He e-mailed Captain Mike Baca on the day of the accident.

18.) Upon information and belief, when Plaintiff got in trouble and was sent to PNM South, all his medications were taken away and cancelled putting Plaintiff in harms way and subjected him to pain and suffering only to make him suffer.

19.) Upon information and belief, Dr French wouldn't give Plaintiff his pain medication, Elavil, back because, "He didn't believe in it," was what Dr. French said.

20.) Upon information and belief, trigger point injections were ordered by Ellen Whitman and Dr French refused to give Plaintiff the shots. To this very day, 4-3-20 Plaintiff has not recieved any shots for pain.

21.) Upon information and belief, for the sixty days Plaintiff was at PNM South he put in over 25 medical requests, which were instructed by the nurses, and 3 grievances for his chronic pain meds and physical therapy bands being taken away.

22.) Upon information and belief, as a direct result of Dr. French's reckless and deliberate decision to take Plaintiffs pain meds away, Plaintiff suffered, severe physical pain and suffering, sleep deprivation, panic and anxiety attacks and depression. Not to mention putting Plaintiff in harms way for cutting him off his Elavil cold turkey.

23.) Upon information and belief, Plaintiff saw mental health because of the extreme psychological and emotional suffering he was being subjected to. They are the ones, (mental health) that told Plaintiff it was dangerous for someone to just stop taking Elavil without tapering off first. She ordered 50 mg of Elavil to be taken at night.

24.) Upon information and belief, when Dr. French learned of Plaintiff getting his Elavil back, he listed it as a "allergic" medication so no one would give it to me/plaintiff!

25.) Upon information and belief, plaintiff was ordered trigger point injections by Ellen Wittman as well as the doctor at Nenmide in Clayton NM and to this very day, 4-3-20 has not recieved one shot for his lower back pain. All three prisons failed to give the shots to plaintiff.

26.) Upon information and belief plaintiff did go to the local hospital in Clayton N.M. where he was seen by a physical therapist and was in fact prescribed a theraband for pain management as needed. Upon return to the prison defendant Martinez told plaintiff, "you have to use it here in medical - you can't take it to your cell it's a rulry!" a disregaurd for proper medical treatment.

27.) Upon information and belief, plaintiff has informed all defendants listed in this complaint the injuries of his past and the chronic pain issues brought forth in this complaint.

28.) Upon information and belief, at all times relevant herein, Wexford Health Sources, Dr. French Ellen Wittman, and HSA Martinez, through their employee's and agents were required to use the ordinary care of a reasonably prudent entity in supervising and training, as well as having policies in place to ensure inmates at their facilities are not needlessly endangered.

29.) Upon information and belief, instead, Wexford Health Sources, Dr. French, Ellen Wittman, and HSA Martinez perpetuated a lax inmate policy/procedure, and a culture that allowed this abrusive misconduct to continue.

## Count I

### Deliberate indifference, Cruel and Unusual Punishment by Defendants Wexford Health Sources, Dr. French, Ellen Wittman, HSA Martinez

30.) Paragraphs 1-29 are hereby re-alledged and incorporated: herein as they were set foorth in full.

31.) Defendants Wexford Health Sources, (Wexford) Dr. French, (French) Ellen Wittman, (Wittman,) HSA Martinez, (Martinez) also known as Wexford et; al, are state actors who at all times relevant herein were acting under the color of state law.

32.) Upon information and belief, defendants Wexford et al. had a duty to ensure the safty of all persons under their direct care, control, and costody including the plaintiff.

33.) Upon information and belief, defendants Wexford et. al., recklessly and/or willfully committed deliberate indifference and cruel and unusual punishment.

34.) Upon information and belief, defendants Wexford et. al., recklessly and/or willfully failed to provide proper medical care and violated the standard of care for healthcare providers in New Mexico in ways including but not limited to;

a) Acted deliberately indifferent to plaintiff's serious medical needs by

DELAYED TREATMENT AND/OR NO TREATMENT TO PLAINTIFF'S BACK INJURY, IGNORING ALL POSSIBLE SERIOUS COMPLICATIONS OF A BACK INJURY AND/OR A CONCUSSION BY NOT CHECKING PLAINTIFF'S PUNS, HEART RATE, VITALS, AND NOT GIVING X-RAYS FOR 10 DAYS.

b.) BY TAKING PLAINTIFF'S MEDICATIONS WHEN HE GOT IN TROUBLE.

c.) BY WRITING PLAINTIFF WAS ALLERGIC TO ALEVIL WHEN IT WAS OBVIOUSLY CLEAR HE WAS IN FACT NOT.

d.) BY NOT GIVING PLAINTIFF HIS THERABAND WHEN IT WAS PRESCRIBED BY A PHYSICAL THERAPIST AT THE HOSPITAL.

e.) BY NOT GIVING PLAINTIFF HIS TRIGGER POINT INJECTIONS ON THREE DIFFERENT TIMES.

f.) BY TELLING PLAINTIFF HIS BACLOFEN WAS NON FORMULARY AND FOR THAT REASON HE COULDN'T HAVE THEM. EVEN THOUGH ITS NOT TRUE.

G.) BY NOT ORDERING FURTHER TESTS ON PLAINTIFF'S BACK TO SEE WHY HE'S HAVING BACK PAIN.

h.) BY TREATING PLAINTIFF AS IF HE IS A NUISANCE RATHER THAN A PATIENT IN NEED OF MEDICAL HELP AND BY SUBJECTING HIM TO MONTHS AND MONTHS OF NEEDLESS PAIN AND SUFFERING AS WELL AS PSYCHOLOGICAL AND EMOTIONAL SUFFERING.

35.)    UPON INFORMATION AND BELIEF, BECAUSE THE ACTS AND/OR OMISSIONS OF DEFENDANTS WEXFORD et. al, WERE DELIBERATELY INDIFFERENT, DONE WILLFULLY, RECKLESSLY, AND DONE WITH MALICE, THE RESULTS WERE CRUEL AND UNUSUAL PUNISHMENT. THE DEFENDANTS ARE SUBJECT TO PUNITIVE DAMAGES AS WELL AS COMPENSATORY DAMAGES.


COUNT II

NEGLIGENCE, NEGLIGENT SUPERVISION
MEDICAL MALPRACTICE


36.)    PARAGRAPHS 1-35 ARE HEREBY RE-ALLEGED AND INCORPORATED HERE IN AS THEY WERE SET FORTH IN FULL.

37.)    UPON INFORMATION AND BELIEF, AT ALL TIMES RELEVANT HEREIN, WEXFORD et. al, WERE ALL SUPERVISORS AND POLICY MAKERS WHO ACTED THROUGH THEIR EMPLOYER AND EMPLOYEE'S AND AGENTS AND WERE REQUIRED TO USE THE ORDINARY CARE OF A REASONABLY PRUDENT ENTITY IN SUPERVISING AND TRAINING, AS WELL AS HAVING AND ENFORCING POLICIES AND PROCEDURES IN PLACE SO INMATE'S AT THEIR FACILITIES ARE NOT NEEDLESSLY AND RECKLESSLY ENDANGERED.

38.)    UPON INFORMATION AND BELIEF, DEFENDANTS WEXFORD et. al, THROUGH THEIR EMPLOYEE'S AND AGENTS, WILLFULLY AND RECKLESSLY DID NOT USE THE ORDINARY CARE OF A REASONABLY PRUDENT

ENTITY BY COMMITTING NEGLIGENCE, NEGLIGENT SUPERVISION, AND MEDICAL MALPRACTICE BY WAYS INCLUDING BUT NOT LIMITED TO;

a.) CHOOSING NOT TO ACT TO PUT AN END TO THE NEGLIGENCE, MEDICAL PRACTICE, AND NEGLIGENT SUPERVISION.

b.) BY FORMULATING A POLICY WHICH DOES VIOLATE INMATES RIGHTS TO PHYSICAL THERAPY, CHOOSING TO SAY THERA BANDS ARE A THREAT TO THE SECURITY OF THE INSTITUTION WHEN THEY ARE NOT.

c.) BY FORMULATING THE POLICY THAT BECAUSE MEDICATIONS ARE LISTED AS, "NON-FORMULARY," THAT THOSE MEDICATIONS CAN'T BE GIVEN WHEN IN FACT THEY CAN.

d.) BY CHOOSING NOT TO ENFORCE POLICIES AND PROCEDURES RELATING TO MEDICAL - MALPRACTICE, NEGLIGENCE IS NEGLIGENT SUPERVISION BY DEFINITION.

e.) BY CHOOSING NOT TO ACT TO PUT AN END TO MEDICAL MALPRACTICE, NEGLIGENCE, AND NEGLIGENT SUPERVISION ONCE IT IS BROUGHT TO THEIR ATTENTION BY AN INMATE OR OTHER STAFF PERSONNEL.

39.) UPON INFORMATION AND BELIEF, DEFENDANTS WEXFORD et. al., ARE RESPONSIBLE FOR THEIR OWN ACTS AND OMISSIONS AS WELL AS THE ACTS AND OMISSIONS OF THEIR EMPLOYEE'S

40.) UPON INFORMATION AND BELIEF, AS A DIRECT AND PROXIMATE RESULT OF THE INTENTIONAL WILLFULL, RECKLESS, NEGLIGENT ACTS AND OMISSIONS THAT RESULTED IN CRUEL AND UNUSUAL PUNISHMENT OF ALL DEFENDANTS LISTED IN THIS COMPLAINT PLAINTIFF SUFFERED PHYSICAL PAIN AND SUFFERING AND SEVERE PSYCOLOGICAL AND EMOTIONAL SUFFERING INCLUDING PHYSICAL INJURY AND DENIAL OF COMPETANT MEDICAL CARE.

41) UPON INFORMATION AND BELIEF, AT ALL TIMES RELEVANT TO THIS COMPLAINT DEFENDANTS WEXFORD et. al. HAVE A DUTY TO DO THEIR JOB TO THE BEST OF THEIR ABILITY. REMAINING PROFESSIONAL AND RESPECTFULL TREATING INMATES LIKE HUMAN BEINGS WHEN DEALING WITH INMATES.

42) UPON INFORMATION AND BELIEF, WHEN PRISON MEDICAL STAFF OPERATE IN ANY PRISON IGNORING ITS OWN POLICIES AS WELL AS THE POLICIES ESTABLISHED BY FEDERAL AND STATE LAWS, THOSE THAT CHOSE TO IGNORE THOSE POLICIES AND PROCEDURES SHOULD BE HELD ACCOUNTABLE FOR THE RECKLESS DECISIONS NOT TO FOLLOW THE RULES AND REGULATIONS SIMPLY BECAUSE THEY DONT WANT TO PAY FOR IT ITS NEGLIGENCE, NEGLIGENT SUPERVISION AND MEDICAL MALPRACTICE RESULTING IN CRUEL AND UNUSUAL PUNISHMENT THAT WAS EASILY PREVENTABLE.

## COUNT III

### DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. 1983 BY DEFENDANTS WEXFORD, FRENCH, WITTMAN, AND HSA MARTINEZ. UNDER THE FOURTEENTH AMENDMENT BY WAY OF EIGHTH

43) PARAGRAPHS 1-42 ARE HEREBY RE-ALLEDGED AND INCORPORATED HEREIN AS THEY WERE SET FORTH IN FULL.

44) UPON INFORMATION AND BELIEF, DEFENDANTS WEXFORD et. al, HAD A DUTY TO ENSURE THE SAFTY OF ALL INMATES UNDER THEIR DIRECT CARE, CONTROL, AND CUSTODY INCLUDING THE PLAINTIFF.

45) UPON INFORMATION AND BELIEF, WEXFORD et. al.'s LAX POLICIES AND INADEQUATE TRAINING AND SUPERVISION, AND TURNING A BLIND EYE TO THE DELIBERATE INDIFFERENCE, NEGLIGENCE, NEGLIGENT SUPERVISION, MEDICAL PRACTICE, AND CRUEL AND UNUSUAL PUNISHMENT VIOLATED PLAINTIFF'S CONSTITUTIONAL RIGHTS TO BE FREE FROM SUCH CONDUCT SECURED IN THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENTS BY WAY OF THE EIGHTH AMENDMENT.

46) UPON INFORMATION AND BELIEF, DEFENDANTS WEXFORD et. al, WERE AWARE OF THE DELIBERATE INDIFFERENCE, MEDICAL MALPRACTICE, NEGLIGENCE, NEGLIGENT SUPERVISION, AND CRUEL AND UNUSUAL PUNISHMENT WAS TAKING PLACE BUT CHOSE NOT TO ACT TO PUT AN END TO THIS PERVASIVE CONDUCT. DISREGARDING THE RISK OF HARM TO THE PLAINTIFF WHILE UNDER THEIR CARE.

47) UPON INFORMATION AND BELIEF, DEFENDANTS WEXFORD et. al IGNORED THE CONDITIONS AT THEIR FACILITY THAT PERMITTED THE DEPRIVATION OF CIVIL RIGHTS.

48) UPON INFORMATION AND BELIEF, DEFENDANTS WEXFORD et. al, ACTED WITH COMPLETE DISREGARD FOR PLAINTIFF'S RIGHT TO BE FREE FROM BODILY HARM WILE UNDER THE CONTROL AND PROTECTION OF THE DEFENDANTS WHICH VIOLATES PLAINTIFF DUE PROCESS RIGHTS.

44) UPON INFORMATION AND BELIEF, WEXFORD et. al.'s DECISION NOT TO ACT TO THE WIDESPREAD PRACTICES AT ALL NEW MEXICO'S PRISONS ENABLED THE DELIBERATE INDIFFERENCE, NEGLIGENCE, NEGLIGENT SUPERVISION, MEDICAL MALPRACTICE, AND CRUEL AND UNUSUAL PUNISHMENT DIRECTLY AND PROXIMATELY CAUSED THE CONSTITUTIONAL DEPRIVATION RESULTING IN PLAINTIFF'S DAMAGES INCLUDING BUT NOT LIMITED TO; PHYSICAL INJURY, PHYSICAL PAIN AND SUFFERING, DENIAL OF COMPETANT MEDICAL CARE, AND SEVERE PSYCOLOGICAL AND EMOTIONAL DISTRESS.

## EXHAUSTION OF LEGAL REMIDIES.

45) PLAINTIFF HAS COMPLETED THE PROPER GRIEVANCE PROCEDURES OUTLINED BY THE P.L.R.A. AND HAS ATTEMPTED NUMEROUS TIMES TO COMPLETE THE GRIEVANCE PROCEDURES BUT GOT NO RESPONSE FROM GRIEVANCE OFFICERS.

## PRAYER FOR RELIEF

46) WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT THIS COURT ENTER A JUDGEMENT GRANTING PLAINTIFF THE FOLLOWING;

1.) A DECLARATION THAT THE ACTS AND OMISSIONS DESCRIBED HEREIN VIOLATED PLAINTIFF'S RIGHTS UNDER THE CONSTITUTION AND THE LAWS OF THE UNITED STATES.

2.) A PRELIMINARY INJUNCTION ORDERING DEFENDANTS WEXFORD et. al. TO TAKE PLAINTIFF TO A BACK SPECIALIST FOR FURTHER EXAMINATION.

3.) ORDER ALL DEFENDANTS TO PAY COMPENSATORY DAMAGES IN THE AMOUNT OF TO BE DETERMINED BY JURY AT TRIAL. JOINTLY, SEVERALLY TO EACH DEFENDANT FOR ANY PAIN AND SUFFERING, PHYSICAL INJURY, EMOTIONAL AND PSYCOLOGICAL DISTRESS.

4.) ORDER ALL DEFENDANTS TO PAY PUNATIVE DAMAGES IN THE AMOUNT TO BE DETERMINED BY JUDGE AND JURY AT TRIAL SINCE THE ACTS AND OMISSIONS DESCRIBED HEREIN WERE DONE RECKLESSLY, WILLFULLY, AND DONE WITH MALICE INTENT.

5.) ORDER DEFENDANTS TO PAY REASONABLE ATTORNIES FEES AND ANY AND ALL LEGAL COSTS INCURRED BY PLAINTIFF FOR THIS SUIT.

6.) PLAINTIFF HAS NO PLAIN, ADEQUATE, OR COMPLETE REMEDY AT LAW TO REDRESS THE WRONGS DESCRIBED HEREIN, PLAINTIFF HAS BEEN AND CONTINUES TO SUFFER ON A DAILY BASIS BY THE CONDUCT OF THE DEFENDANTS.

7.) ANY OTHER RELIEF THIS COURT DEEMS JUST.

8.) A TRIAL BY JURY PERSUANT TO THE RULES OF CIVIL PROCEDURE.

RESPECTFULLY SUBMITTED

MARK STAAKE #59949
6900 W. MILLAN DR.
HOBBS, N.M.
    88244

MARK STAAKE #59949

Mark Staake

*ATTACHMENT A*

Form CD-150501.1
Revised 07/12/17 Page 1

## NEW MEXICO CORRECTIONS DEPARTMENT
## INMATE GRIEVANCE

20-0129

Inmate's Name: _Mark Stanke_   NMCD#: _59949_   Grievance File #: _200107_

Institution: _LCCF_   Housing Unit ~~4-E-#16~~   Date of Incident: _12/24/19_

Date Received by Grievance Officer: _JAN 2 2 2020_

Grievance Officer's Signature: _____   BY: _leek_

> **INSTRUCTIONS**: It is expected that problems be resolved in an informal manner. Please read policy/procedure *CD-150500* before filing a grievance. Your grievance must be typed or clearly written so as to be readable after photocopying. The grievance must be filed with the Institutional Grievance Officer to be valid. Copies sent elsewhere will be considered informational copies only, not requiring a response.

**STEP 1 - Grievance**: Include documentation and names of any witnesses to support your claim. For your grievance to be accepted, you must state the relief requested. Use additional pages, if necessary.

NOTHING THAT WAS SUPPOSED TO HAPPEN ON THE INFORMAL DIDN'T. NO MEDS, NO PHYSICAL THERAPY, NOTHING. STILL HAVENT SEEN MEDICAL. IN PAIN EVERYDAY. BACK AND LEG. DANGEROUS TO JUST STOP MY MEDICATION FOR MY HEART.

Inmate's Signature: _Mark Stein_   Date: _1/11/20_

**Relief Requested:** WANT MY ELAVIL 75 MG. WANT MY BACLOFEN BACK 40 MG AND MY THERABANDS BACK. I WANT TO SEE A BACK SPECIALIST

**STEP 2 / To Be Completed by the Grievance Officer:**

A. ✓ your grievance is **accepted** for consideration.
B. ___ your grievance is **being returned** to you because of the following reason:
  ___ 1. The grievance is not readable.
  ___ 2. The matter has been answered in previous grievance #: _____
  ___ 3. The grievance concerns material not grievous under present policy.
  ___ 4. The grievance is a group grievance or petition. (Submit individually.)
  ___ 5. The grievance is not timely.
  ___ 6. Other Specify: _____

Grievance Officer's Signature: _M. Valericio_   Date: _1-22-2020_

**Page #1**

See Attached

Response Attached
1-31-2020

200101

Form CD-150501.3
Revised 07/12/17 Page 1

## NEW MEXICO CORRECTIONS DEPARTMENT

### INMATE INFORMAL COMPLAINT

Inmate Name: _MARK STAAKE_   NMCD#: _59949_

Facility: _LCCF_   HU/Cell #: _4-E # 115_   Date of Incident: _12/24/19_

Name of subject or person to whom the complaint was filed against: _MEDICAL_

Explain your complaint in detail: _I HAVE BEEN HERE SINCE 9/11/19. I HAVE PUT IN ABOUT 5 SICK CALL SLIPS REQUESTING TO SEE A DOCTOR. I HAVE CHRONIC PAIN ISSUES WITH MY BACK AND LEG. ITS WELL DOCUMENTED. I NEED MY PHYSICAL THERAPY BANDS FOR PAIN MANAGEMENT, AND MY BACLOFEN BACK FOR SEVERE MUSCLE SPASMS DUE TO NERVE DAMAGE. I WAS INJURED IN SANTA FE PNM AND I MESSED UP MY BACK. I NEED TO SEE A SPECIALIST. I'VE TRIED CREAMS. WAS SUPPOSED TO HAVE TRIGGER POINT BUT NEVER GOT THEM._

Inmate Signature: _Mark Staake_   Date: _12/28/19_

---

**Unit Manager/Chief of Security/Designee**

Date Received: _1-6-2020_   JAN 0 3 2020

I, _O Bell_ _(signature)_ have reviewed the above informal complaint and

Recommend:   ( X ) Resolution   (  ) Recommend formal grievance

Explain: _Scheduled Apt ā Nurse Prac. Make sure the EKWII is reviewed today. Speak to provider in regards to other meds_

Staff Member: _O Bell_ / _(signature)_   Date: _1-08-2020_

---

Acknowledged by the signatures below, this informal complaint is: ☐ **Resolved**   ☑ **Unresolved**

Unit Mgr/Chief of Security/Designee: _O Bell_ / _(signature)_   Date: _1-08-2020_

Staff Witness: _Shoney_ / _(signature)_   Date _1-8-2020_

Inmate: _Mark Staake_ / _(signature)_   Date: _1-08-2020_

---

**If this informal complaint could not be resolved, the inmate may pursue a formal grievance within 5 working days of the date of resolution.**

**At time of resolution-the inmate must be given a copy of the completed copy of the Informal Complaint**

**Inmate must attach this document if the formal grievance is to be submitted.**

**LEA COUNTY CORRECTIONAL FACILITY**
**STAFF MEMBER STATEMENT**
**RESTRICTED AND CONFIDENTIAL**
RELEVANT DOCUMENTATION FOR AN INMATE GRIEVANCE INVESTIGATION

## DATE: Jan 23, 2020

**TO STAFF MEMBER: Medical**

**FROM: M. Valeriano, Grievance Coordinator**
**SUBJECT: Staake, Mark 59949**
**GRIEVANCE FILE NUMBER: 20-01-29**

████████████████████████████

**THIS REQUEST FOR INFORMATION IS SUBMITTED TO YOU IN ACCORDANCE WITH NMCD POLICY CD-150501, WHICH DIRECTS THE FACILITY GRIEVANCE COORDINATOR TO SUBMIT FINDINGS TO THE UNIT WARDEN.** *YOU ARE EXPECTED TO PROVIDE A COMPLETE AND ACCURATE ACCOUNT OF YOUR KNOWLEDGE OF THE INCIDENT IN QUESTION. ALL EMPLOYEES ARE EXPECTED AND REQUIRED TO PARTICIPATE IN THE INVESTIGATION PROCESS. DO NOT SUBJECT THE COMPLAINING INMATE OR ANY OTHER INMATE TO ANY ACT OF RETALIATION OR HARASSMENT FOR THE USE OF THE INMATE GRIEVANCE PROCEDURE, WHETHER THE ALLEGATIONS ARE TRUE OR FALSE.*
**THE ABOVE INMATE ALLEGES, THROUGH THE GRIEVANCE PROCEDURE THE FOLLOWING MATTER: Please provide a response to attached grievance on inmate claims.**

**STAFF MEMBER'S STATEMENT:** Seen by provider on 1.15.2020

**SUPERVISOR SIGNATURE:** _M. Docking_ **DATE:** 1-27-2020

Form CD-150501.2
Revised 07/12/17 Page 1

## NEW MEXICO CORRECTIONS DEPARTMENT
### Inmate 5-Day Notice of Receipt of Grievance

Inmate's Name: _Shahe, Mark_   NMCD#: _59949_

Grievance File #: _20-01-29_   Facility: _CNF_   HU: _4E_   Cell: _115_

RE: _Medical_   Issue is under Review:   Yes (✗)   No ( )

Date Formal Grievance Received: _1-22-2020_   Date Notice of Receipt Sent: _1-22-2020_

Form CD-150501.2
Revised 07/12/17 Page 1

## NEW MEXICO CORRECTIONS DEPARTMENT
### Inmate 5-Day Notice of Receipt of Grievance

Inmate's Name: _____   NMCD#: _____

Grievance File #: _____   Facility: _____   HU: _____   Cell: _____

RE: _____   Issue is under Review:   Yes ( )   No ( )

Date Formal Grievance Received: _____   Date Notice of Receipt Sent: _____

Form CD-150501.2
Revised 07/12/17 Page 1

## NEW MEXICO CORRECTIONS DEPARTMENT
### Inmate 5-Day Notice of Receipt of Grievance

Inmate's Name: _____   NMCD#: _____

Grievance File #: _____   Facility: _____   HU: _____   Cell: _____

RE: _____   Issue is under Review:   Yes ( )   No ( )

Date Formal Grievance Received: _____   Date Notice of Receipt Sent: _____

Form CD-150501.2
Revised 07/12/17 Page 1

## NEW MEXICO CORRECTIONS DEPARTMENT
### Inmate 5-Day Notice of Receipt of Grievance

Inmate's Name: _____   NMCD#: _____

Grievance File #: _____   Facility: _____   HU: _____   Cell: _____

RE: _____   Issue is under Review:   Yes ( )   No ( )

Date Formal Grievance Received: _____   Date Notice of Receipt Sent: _____

Form CD-150501.1
Revised 03/11/14 Page 2

## NEW MEXICO CORRECTIONS DEPARTMENT
## INMATE GRIEVANCE

Grievance File #:  20-01-29
Offender Name: Staake, Mark 59949

---

**STEP 3 – Grievance Investigation and Recommendation:**

1.  Witness Statement: (H. Dockery, HSAA)

2.  Witness Statement: (            )

3.  Grievance Officer Investigation Results and Recommendation:

   According to documentation you were seen by the provider on 1/15/2020. You have been evaluated, if you feel that you need further evaluation please feel free to place a sick call request.

   **RESOLVED**


   M. Valeriano/                                          1-29-2020
   _____           _____
   Grievance Officer's Print/Signature              Date

---

**STEP 4 – Decision of Warden/Designee:**  Date received by Grievance Officer: _1-31-2020_

Denied ( )      Granted ( )      Dismissed ( )      Resolved ( ✓ )      Referred ( )

_____ no comments _____

Signature: _____      Date: _1/31/20_

Date Returned to Inmate: _____1-31-2020_____

---

**STEP 5 – Departmental Appeal:**  (Return grievance to Grievance Officer for processing.)
**A. Reason for appeal:** I STILL DON'T HAVE MY PHYSICAL THERAPY THERABAND AND I NEED TO SEE A SPECIALIST FOR MY BACK PROBLEM/PAIN.


Inmate's Signature: _Mark Staake_ Date: _2/5/20_

Date Received By Grievance Officer: _2-6-2020_
Date Sent to Grievance Coordinator: _2-7-2020_

---

**B. Department Decision:**

Form CD-150501.1
Revised 03/11/14 Page 3

# NEW MEXICO CORRECTIONS DEPARTMENT
## INMATE GRIEVANCE

_____ Date: _____
Cabinet Secretary/Designee

**Page #2**

ATTACHMENT B

TO WHOM IT MAY CONCERN,

I FLORENCIO HERRERA #83915 ON 5-16-18
MONING OUT SIDE RECK TIME WORKING
OUT WITH MARK STAAKE WE WAS USING
THE MACHINE WHEN THE CABLE CUT 3
THROWING MR STAAKE BACYWARDS ON HIS
HEAD AND ON HIS BACK ON THE CONCRETE
PRETTY HARD INJURED HIMSELF IF YU
HAVE ANY QUESTION'S FOR ME, DONT
HESETATE TO ASK

~ X ~ # 83915
B-631

ATTACHMENT C

To Whom it May Concern,                    May 16, 2018

I Joey Pohl #49768 B-522 was outside on the morning of May 16 2018, I was working out with Mark Staake and witnessed the cable on the weight machine when it broke off the machine. Mark Staake was using the machine when the cable cut and ~~cable~~ rolled backwards landing on his head and back on the concrete He hit the floor pretty hard and injured himself. If you have any questions for me, Please don't hesitate to ask.

Joey Pohl #49768

## CERTIFICATE OF SERVICE BY MAIL

I hereby certify that a copy of the foregoing pleading document was mailed to:

_United States District Court For The District Of N.M._ at

_333 Lomas Blvd. N.W. Suite 270_ and

_Albuquerque New Mexico_ at

_____ and

_____ .

On the _6_ day of _April_ , 20 _20_ .

_Mark Staake_
**Signature**
_6900 W. Millen Dr._
**(Address)**
_Hobbs N.M._
_88244_ .

### VERIFICATION

I, _Mark Staake_ , under penalty of perjury under the

laws of the State of New Mexico state that the information contained therein is true and correct

to the best of my knowledge

_Mark Staake_
**Signature, Pro Se**



**NEW MEXICO**
Secretary
Alisha Tafoya Lucero
**CORRECTIONS DEPARTMENT**

4337 State Road 14, Santa Fe, NM 87508   -   PO Box 27116, Santa Fe, NM 87502-0116
Phone: 505.827.8645   Fax: 505.827.8533   **www.cd.nm.gov**

Mark Staake #59949
LCCF
Grievance Appeal 20-01-29

Resolved

This is in response to your grievance appeal you filed claiming that you are not being treated properly at LCCF for pain to your back and leg.  Your relief requested is to receive a higher dose of elavil and baclofen medications and Thera bands.  You also want to see a back specialist.

The initial investigation indicates you were informed of the results by the grievance officer of the investigation in regards to the issues noted.  The grievance officer response is correct in the decision to you.  As a follow up, you have received medication and continue to be treated.  Physical therapy bands must be used in medical due to the possible misuse if taken back into the housing units.

We are in agreement with the decision and your grievance has failed to provide any additional evidence to support your claim; therefore this grievance appeal is resolved.

You exhausted your administrative remedies.

_____
John Gay, Director of Adult Prisons

3/3/2020
Date

**C**ourage **R**esponsibility **E**thics **D**edication

Willie Sparks #59949
6900 W. Millen Dr.
Hobbs N.M.

LEGAL MAIL CONFIDENTIAL

United States District Court
District of New Mexico
333 Lomas Blvd, N.W. Suite 270
Albuquerque New Mexico

