IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARK STAAKE,

    Plaintiff,

v.   No. 20-cv-356 WJ-SCY

WEXFORD HEALTH SOURCES, *et al,*

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff Mark Staake's Motions to Reconsider (Docs. 25, 26) (Motions). Plaintiff is *pro se* and incarcerated. He seeks reconsideration of the ruling dismissing his civil rights complaint without prejudice for failure to prosecute. Having considered the arguments and applicable law, the Court will deny the Motions.

## BACKGROUND

Plaintiff was previously incarcerated at the Penitentiary of New Mexico (PNM). His original complaint (Doc. 1) alleges prison officials violated the Eighth Amendment and were negligent for failing to treat his back injury. PNM Dr. French allegedly refused to administer medications and treatment ordered by other providers and falsified Plaintiff's chart to reflect he was allergic to certain medications. Dr. French's employer, Wexford Health Services (Wexford), allegedly failed to supervise Dr. French. By a Memorandum Opinion and Order entered May 18, 2021, Plaintiff was ordered to provide a service address for those Defendants within thirty days. *See* Doc. 22 (Screening Ruling); *Washington v. Correia*, 546 Fed. App'x 786, 789 (10th Cir. 2013) ("[T]he onus [is] squarely on plaintiffs to track down the whereabouts of defendants" so that the

Court can "effectuate service, … even when the plaintiffs are in prison."). As to the remaining Defendants – provider Ellen Whittman and Health Services Administrator Martinez – the Court determined the original complaint fails to state a claim for deliberate indifference or negligence. The Court dismissed the claims against Whittman and HSA Martinez, but granted leave to amend.

The deadline for Plaintiff to comply with the Screening Ruling was June 17, 2021. He was warned that the failure to timely comply would result in dismissal without further notice. Plaintiff did not comply, show cause for such failure, or otherwise respond to the Screening Ruling. By an Order entered June 21, 2021, the Court dismissed the case without prejudice pursuant to Fed. R. Civ. P. 41. *See* Doc. 23 (Dismissal Ruling). Later that same day, Plaintiff filed a Motion for Extension of Time to Respond to the Screening Ruling (Doc. 25). The Court construes that motion as a request for reconsideration. Plaintiff filed a supplemental Motion To Submit An Amended Complaint (Doc. 26) on January 31, 2022, and the matter is ready for review.

**DISCUSSION**

Plaintiff filed one motion within twenty-eight days after entry of the final judgment, which implicates Fed. R. Civ. P. 59(e), and filed another within the timeframe set forth in Fed. Civ. P. 60(b). The Court will evaluate whether reconsideration is warranted under either rule. Grounds for relief under Rule 59(e) include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). As relevant here, Rule 60(b) allows relief from a judgment in the event of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; or (3) fraud. *See* Fed. R. Civ. P. 60(1)-(3). Rule 60(b)(6) also contains a catchall clause for "any other reason that justifies relief." However,

2

such relief is "extraordinary," "difficult to attain," and only "appropriate … when it offends justice to deny such relief." *Zurich North America v. Matrix Serv., Inc.,* 426 F.3d 1281, 1289, 1293 (10th Cir. 2005). Regardless of the applicable rule, courts have discretion in ruling on a motion to reconsider. *See Phelps v. Hamilton,* 122 F.3d 1309, 1324 (10th Cir. 1997).

The Motions fail to establish grounds for relief under either Rule 59 or Rule 60. The first Motion states Plaintiff is *pro se* and needs more time to amend his complaint. In the second Motion, he seeks permission to file a proposed amendment in the closed case. These submissions do not contain any specific facts showing that Plaintiff was unable to timely comply with the Screening Ruling. Plaintiff was out of prison at the time, and the docket reflects the Clerk mailed the Screening Ruling to the correct residential address. Even if the Court was inclined to overlook the late filing, the proposed amendment still fails to comply with the Screening Ruling. Plaintiff has not provided addresses for any defendant, as previously directed. Accordingly, the Court declines to set aside the Dismissal Ruling, which was entered without prejudice, and will deny the Motions to Reconsider (Docs. 25, 26). Plaintiff must start over by submitting a new civil rights complaint and a new motion to proceed *in forma pauperis*, if he wishes to pursue federal claims.

**IT IS ORDERED** that Plaintiff's Motion for Extension of Time to Respond to the Screening Ruling (**Doc. 25**) and Motion to Submit Amended Complaint (**Doc. 26**) are **DENIED**.

**SO ORDERED**.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE